## Matilda Rosenberg v. Union Iron & Foundry Company.

1. NOTICE—*Date Immaterial.*—The date of a notice is not material. The rights of the party giving such notice accrue from the date of the service.

2. APPELLATE COURT PRACTICE—*Objections Not Made Below.*—An objection to the introduction of a notice in evidence not made in the court below, can not be raised in the Appellate Court.

Petition for a Mechanic's Lien.—Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

T. T. HINDE, attorney for appellant.

TRAVOUS & WARNOCK, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee filed its petition as a sub-contractor for a mechanic's lien, under the provisions of sections 29 and 30 of chapter 82 of the statute. The case was heard by the court, and a decree was entered finding the matters alleged in the petition to be true; that defendant, on or about June 19, 1893, contracted with A. B. Corwin to erect for her a brick business house, as in said petition alleged, and said Corwin afterward contracted with petitioner to furnish the iron work for said building, and said iron work was furnished, placed in and became a part of said building, in accordance with said contract, and was by him accepted, and was to be paid for as alleged in said petition; that the price has not been paid, and there is now due under said contract for the same $334, with legal interest thereon, from the institution of this suit, making the total amount so due $357.85, for which sum the petitioner is entitled to a lien on said premises, lot 13 in block 68 in Granite City, Madison county, Illinois, in accordance with the statute. It is then ordered, adjudged and decreed that petitioner have a lien on said premises for the sum found due, and that defendant pay petitioner the said sum, with interest from the date of decree, within forty days; and then decrees, in case of default in the making of said payment, the master in chancery shall make sale for cash of said premises, after giving notice by publication in some newspaper, published in said county, of the time, place and terms of sale, and out of the proceeds of such sale pay costs, and pay petitioner said sum of $357.85, and the interest.

Rosenberg v. Union Iron & Foundry Co.

To reverse this decree, defendant took an appeal and brings the record up to this court for review.

The evidence, as shown by the record, justified the finding by the court that appellee furnished, under a contract with the builder, iron work, which became and remained a part of appellant's building on the premises described in the petition, and was accepted by the builder August 5, 1893; that the appellant owed to and promised appellee to pay the amount of the price for said iron work, $334, on August 23d, and afterward and before September 12, 1893, tried to get appellee to take her note for that sum, payable after the expiration of the time within which the lien must be enforced, which note, so payable, appellee declined to receive; that on September 12, 1893, appellee caused the notice, as provided by Sec. 30, Chap. 82, to be served on appellant. It is said, however, on behalf of appellant, that said notice was not dated, nor was there served with it a copy of appellee's sub-contract with Corwin.

We notice that the only objection made on the trial to the notice was that it was not dated. This was not a good objection. The date of the notice was not material, as the right of appellee accrued from the date of service of the notice. Wetemkamp v. Billigh, 27 Ill. App. 545.

It is further urged on behalf of appellant that the work furnished by appellee was defective; that Corwin abandoned his work without good or sufficient reason therefor, before completing the building, and she was thereby put to additional expense in securing its completion; that she did not owe Corwin anything, but he was indebted to her, and hence she was not liable to appellee, nor was the property subject to the lien. The court was justified in finding against appellant on these questions of fact if it preferred to credit the evidence offered by appellee, and to find the iron work was not defective; that the failure of appellant to perform her part of the contract with Corwin justified him in quitting work on the building when he did so, and that she was indebted to him in a large amount for the work he had completed. Appellee fulfilled its contract, enhanced the

value of its building by the iron work it furnished and placed therein. Appellant repeatedly promised to pay, before and after the time notice was served on her, and appellee took the proper steps under the statute to entitle it to the relief decreed.

The decree is affirmed.